## HERMAN MARKSON v. H. W. IDE, *Receiver, &c.*

CONTINUANCE, *Refused; Absence of Counsel; Judgment, Not Reversed.* It is usually sufficient ground for a continuance, that the counsel in an action is prevented from attending court by sickness, and the client in attend-ance is not prepared to go on with the trial; but where it appears from the record brought to this court that just prior to the trial of the case in which the continuance was asked, another case has been heard before the district court exactly similar, and in which exactly the same points were discussed and considered; and it further appears that the interests of the complaining party were fully protected by the district court in the rendi-tion of the judgment, and that his rights at the trial were not in any man-ner injuriously affected, this court will not reverse the judgment of the district court for proceeding to hear and dispose of the case in the absence of the counsel.

### *Error from Leavenworth District Court.*

THE nature of this action, and the facts, appear in the opinion. At the December Term, 1882, of the district court, plaintiff *Ide,* as receiver of the Kansas Fire insurance com-pany, had judgment against divers defendants, among them *Markson,* as assignee of the Leavenworth savings bank, who brings the case to this court.

*J. H. Gillpatrick,* for plaintiff in error.

*H. W. Ide,* defendant in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by H. W. Ide, as receiver of the Kansas Fire insurance company against George R. Hines, Herman Markson, as assignee of the Leavenworth savings bank, and others, to recover upon a note of $13,500, with interest coupons attached, executed on July 1st, 1873, by George Hines and D. W. Eaves, and to foreclose a mortgage given by the said parties and their wives, on the said 1st day of July, to secure the notes and coupons. The answer of Markson was, *first*, a general denial; *second*, a judgment held by him as assignee of the Leavenworth savings bank against George R. Hines for the sum of $12,444, with interest and costs, rendered in the United States district court of Kansas on the 20th day of October, 1877, and claimed by him as a first and prior lien upon all the mortgaged property; *third*, that the Alliance Mutual assurance society never assigned or transferred the notes and mortgage, mentioned in the petition, to plaintiff, except for the purpose of raising five per cent. upon the stock pretended to be held by George R. Hines in that society, and that the society had no authority or right, nor had the person who signed as president of the company, the right to make the transfer, or any transfer whatever, of the notes and mortgage; *fourth*, that the pretended assignment of the notes and mortgage to the plaintiff by the acting president of the life assurance society was without consideration, and without authority so to do, and that the plaintiff was not the legal owner and holder of the notes and mortgage, nor had the plaintiff any right to the possession or ownership of the same. This answer prayed that the judgment therein set forth should be declared a first lien upon the mortgaged premises, and that said real estate be ordered to be sold to satisfy the same. When the case was called for trial, Markson applied for a continuance, founded on his affidavit that his counsel was seriously sick and unable to attend the court. The court overruled the motion, and the

cause was heard; judgment was rendered in favor of Ide, as receiver, for $29,400, with interest thereon at the rate of twelve per cent. per annum; and it was decreed that if the defendants, or some one of them, did not within six months from the date of judgment pay the said sum with interest, that the mortgaged premises be sold without redemption or appraisement, the proceeds thereof to be applied as follows: First, the costs of the action, including the costs of the sales; second, the taxes on each tract of land so sold; third, the judgment of said Ide for the sum of $29,400 with interest; fourth, the judgment of one John W. Crancer for the sum of $2,516.88 with interest; fifth, Herman Markson, as assignee of the Leavenworth savings bank, the sum of $12,444 with all interest due thereon; and the balance of the proceeds, if any, to be brought into court for further distribution.

The principal error alleged is, that the trial court refused to grant the continuance asked for. It appears from the record that the petition in the case was filed on the 23d day of February, 1882, and that the answer of Markson was not filed until September 4, 1882.

This answer was filed out of time, under the terms of the following order, obtained on said September 4th:

"This day came the plaintiff herein in his own proper person, and also comes defendant Herman Markson, assignee of the Leavenworth savings bank, by William McNeill Clough, his attorney, and thereupon, upon application of said Herman Markson, assignee as aforesaid, it is ordered by the court that leave be and the same is given him to now file his answer herein, without prejudice to a trial of this cause at this present term of court, and upon payment of the costs of filing said answer, which is done, and upon such other terms and conditions as may hereafter be determined by the court."

The trial was had at the December term following, and on the 13th day of January, 1883. The affidavit for the continuance, among other things, set forth that the case of H. W. Ide, as Receiver, &c., v. D. W. Eaves, Herman Markson, *et al.*, lately tried in the court where this action was pending, was a case

exactly similar to this one, and among others, involved exactly the same points raised; that that case, after having been decided, had been brought to this court upon proceedings in error. Of course, where counsel in a case is prevented from attending court by sickness, and the client is not prepared to go on with the trial, it is usually a sufficient ground for a continuance. (*Shultz v. Moore*, 1 McLean, 334; *Graves v. Ragle*, 19 Ind. 83; *Vandizer v. McMiller*, 37 Ga. 299; *Marrero v. Nunez*, 3 La. An. 54.) But the circumstances attending the disposition of this case do not show that any injustice was done to the party complaining, or that in any manner his substantial rights were affected. He makes no complaint of the judgment of John W. Crancer, adjudged to be a second lien upon the mortgaged property. The judgment which he held as assignee of the Leavenworth savings bank was decreed a third lien upon the property. Upon the pleadings and the uncontradicted facts the district court properly adjudged the mortgage of Ide, as receiver, a first and prior lien, and the judgment of Markson, as assignee, as a subsequent lien thereto.

The legal questions in this case having been fully discussed before the trial court in the prior case of Ide as receiver against Eaves, Markson and others, and the questions in this case being similar to those decided in that, the absence of counsel was not harmful. Upon the argument before us it was strongly urged that the cause should be reversed and sent back for trial, in order the that answer of Markson might be reframed and the case tried upon new issues likely to be presented thereby. As no such request was made of the district court, it would be unfair to that court, and not within the exercise of the legitimate power of this court to reverse its decision and send back the cause for trial upon matters outside of the record and not presented to the district court for consideration. Nothing was set forth in the affidavit for continuance alleging that the answer had been improvidently or hastily drawn, or that it was necessary in the furtherance of justice for new or amended pleadings to

be filed. In view of the recent decision of this court in *Markson v. Ide*, ante, p. 649, it is unnecessary to comment upon the further questions presented in the arguments. (See also *Eggan v. Briggs*, 23 Kas. 711.)

The judgment of the district court will be affirmed.

All the Justices concurring.